**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000307**
**08-FEB-2024**
**08:35 AM**
**Dkt. 163 SO**

NO. CAAP-21-0000307

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

S.R., Plaintiff-Appellant, v.
J.R., Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 18-1-0032)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Self-represented Plaintiff-Appellant S.R. (**SR**) appeals from the April 9, 2021 Written Findings of Facts [(**FOFs**)], Conclusions of Law [(**COLs**)], Decisions and Orders Following Divorce Complaint and Motion for Relocation Trial (**Final Order**) entered by the Family Court of the Second Circuit (**Family Court**).[1]

SR raises three points of error (**POE**) on appeal, contending that: (1) the Family Court erred in denying SR shared custody of the parties' child (**Child**) and limiting his visitation to four-hour visits because SR had overcome the Family Court's

---

[1] The Honorable Adrianne N. Heely presided.

prior finding that SR committed family violence, and there is no risk to Child or Defendant-Appellee J.R. (**JR**); (2) the Family Court abused its discretion and violated statutory provisions in the Final Order because it denied SR meaningful and reasonable contact with Child and encouraged JR to allow that time to occur via virtual contact or in person while in Florida and/or Maui; and (3) SR was denied due process because JR made misrepresentations throughout the litigation to gain an advantage, and those alleged misrepresentations resulted in the Family Court approving false FOFs, which negatively impacted SR's parenting rights and property division.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve SR's points of error as follows:

(1)  SR presents numerous arguments, and challenges multiple FOFs and COLs, in conjunction with his first point of error.  We conclude, however, that the record does not support SR's contentions that the Family Court prejudged the issues of custody and relocation.  Nor does the record support SR's contentions that the Family Court erred, clearly erred, or abused its discretion in evidentiary rulings and denial of SR's request to testify again in rebuttal.  The Family Court recognized, considered, and evaluated testimony and other evidence concerning SR's efforts to address the history of family violence and abuse. We reject SR's contentions that the Family Court clearly erred in weighing the evidence presented over a multi-day trial or abused

2

its discretion in its ultimate decisions as to custody and visitation.

(2) In the second POE, SR argues, variously, that the Family Court did not in fact grant him reasonable and meaningful contact/visitation with Child in light of the limitations placed on contact/visitation, particularly with respect to the Family Court's decision (a) to allow JR to relocate to Florida, and (b) to allow contact/visitation by FaceTime, Zoom, WebEx or similar means when SR and Child are in different locations. It is clear from the record that the Family Court considered all of the evidence from both parties, the findings of family violence, and the extensive litigation in the Family Court, as well as the 2018 custody evaluation, and applied the best-interest-of-the-child standard to the issues of custody, visitation and relocation. Contrary to SR's arguments, the Family Court's decisions concerning relocation and contact/visitation are grounded in Child's needs, interests, and schedule. We cannot conclude that the Family Court abused its discretion in determining the best interests of Child, and we conclude that SR was not deprived of reasonable and meaningful contact/visitation with Child.

(3) SR's third POE, in substance, challenges the Family Court's findings that JR was credible and SR was not credible. "[I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." LC v. MG & Child Support Enf't Agency, 143 Hawai'i 302, 310-11, 430

P.3d 400, 408-09 (2018). We decline to disturb the Family Court's determinations of credibility.

In conjunction with this POE, SR states multiple challenges to the Family Court's calculations for income and property division.

SR argues that the Family Court clearly erred in establishing the value of his one Bitcoin as of April 9, 2020, because it has since fluctuated in value, in a lower range. The Family Court recognized the wide fluctuation in the value of Bitcoin and took into account that SR's Bitcoin was the one major asset of the marital estate in conjunction with the court's review of the parties' income and expenses, assets and debts. Father fails to establish that the Family Court clearly erred in assigning this asset a value at the conclusion of the evidentiary portion of trial.

As argued by SR, the Family Court clearly erred in stating that there was no evidence that JR had student loan debt when the parties married. However, the Family Court determined, *inter alia*, that all debt in JR's sole name, *i.e.*, the student loan debt, is JR's responsibility. (Likewise, for SR's sole debts.) There were no joint debts, no equalization payments, and no alimony. SR was fully allocated the value of his date-of-marriage assets, retained the Bitcoin, seven vehicles of various vintages (JR retained one Toyota), and the overall partnership calculation left JR with a substantial negative "Total Value Received" in the Partnership Model Calculation. We conclude that

4

the Family Court's error in not specifically identifying JR's pre-marital student loan debt as such was harmless error.

SR's contention that the Family Court clearly erred in calculating child support based upon the standardized methods set forth in the 2020 Hawaiʻi Child Support Guidelines (starting with gross monthly income), rather than using the net taxable income calculated by SR's CPA for the purposes of calculating income taxes, is without merit. See Hawaii Revised Statutes § 571-52.5 (2018) (mandating the use of the Guidelines). SR accurately points to evidence in the record of JR's gross wages in the 2016 tax year. However, SR's argument that the Family Court clearly erred in establishing JR's income for child support calculations – based on website data not in the record on appeal concerning the "current" (2021) payscale at JR's former employer – is without merit. SR has failed to demonstrate entitlement to relief from the Family Court's child support calculation.

Finally, SR argues that the Family Court abused its discretion in awarding JR's "legal fees that exceeded 2/3 of [SR's] remaining life savings and the award was based on [JR's] ... false information to the court[.]" Regarding the former argument, SR provides no authority supporting reversal of the significantly-reduced amount of fees awarded in this case based solely on the amount of SR's remaining savings. SR provides no other support for an appellate determination that the amount of attorney's fees was unfair or unreasonable under the applicable legal standard and in light of the overall financial abilities of the parties and the amounts necessarily incurred under the

circumstances of this highly-contested divorce litigation.  See Hamilton v. Hamilton, 138 Hawaiʻi 185, 209-10, 378 P.3d 901, 925-26 (2016).

Regarding the latter argument, we will not pass upon the issue of JR's credibility.

We conclude that the Family Court did not abuse its discretion in the award of attorneys fees.

For these reasons, the Family Court's April 9, 2021 Final Order is affirmed.

DATED: Honolulu, Hawaiʻi, February 8, 2024.

| | |
|---|---|
| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
| S.R.,<br>Plaintiff-Appellant, *Pro Se*. | /s/ Keith K. Hiraoka<br>Associate Judge |
| Benard M. Herren,<br>(Cain & Herren, ALC),<br>for Defendant-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |